IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
AT ERIE

| | | |
|---|---|---|
| OMAR S. FOLK, | ) | |
| | ) | CASE NO. 1:25-CV-038 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| COLETTE PETERS, ET AL., | ) | |
| | ) | |
| Defendants | ) | IN RE: ECF NO. 65 |
| | ) | |

Plaintiff Omar S. Folk, ("Plaintiff") proceeding pro se and *in forma pauperis*, has moved for an order directing the United States Marshals Service to locate and serve Defendant LPN C. Bloom.  ECF No. 65.  Plaintiff represents that he has been unable to ascertain this Defendant's whereabouts and asks that the Marshals undertake to find her so that the Complaint may be served.

When a plaintiff is authorized to proceed *in forma pauperis*, the Court must order that service be made by the United States Marshals Service, and the officers of the court are charged with issuing and serving process on the plaintiff's behalf.  *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  That obligation, however, runs only to the act of service. It does not convert the Marshals Service into an investigative arm of the Court charged with discovering the location of a defendant whom the plaintiff has been unable to identify or locate. The plaintiff remains responsible for having each defendant served, and that responsibility includes furnishing the information necessary to effect service.  *See* Fed. R. Civ. P. 4(c)(1).

1

A plaintiff who relies on the Marshals Service may not remain passive. At a minimum, he must identify the defendant to be served, provide an address at which service can be made, and attempt to remedy any service defect of which he becomes aware. *See, e.g., Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). The Marshals Service cannot serve a defendant whose location the plaintiff has not supplied, and a plaintiff's failure to provide that information does not shift to the Marshals the burden of investigation. *See e.g.*, Lopez-Perez v. DeRose, 2012 WL 750963, at *5 (M.D. Pa. Mar. 8, 2012) (burden is on plaintiff to provide sufficient information to enable the Marshal to serve the defendant). Where a defendant remains unserved because no adequate identifying or locating information has been provided, the claims against that defendant are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Here, Plaintiff asks the Court to direct the Marshals Service to locate a defendant whose whereabouts are unknown to him. The Court will not order the Marshals Service to conduct such an investigation. Service will be effected once Plaintiff supplies an address or other information sufficient to permit the Marshals to locate and serve this Defendant.

Plaintiff may seek information regarding the address of Defendant Bloom by serving discovery on Defendants who have been served. To the extent such Defendants are in possession, custody, or control of such information, they are obligated to rpofvide it.

Accordingly, it is ordered this 30th day of June, 2026, that Plaintiff's motion to have the United States Marshals Service locate and serve Defendant LPN C. Bloom (ECF No. 65)  is DENIED.

_____

RICHARD A. LANZILLO
Chief United States Magistrate Judge